**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SHONDELL PAUL,**

        **Plaintiff,**

    v.                9:13-CV-1308
                       (FJS/RFT)

**BRIAN FISCHER, Commissioner, DOCCS;
LUCIEN LECLAIRE, JR., Deputy Commissioner,
DOCCS; JOSEPH BELLNIER, Deputy
Commissioner, DOCCS; JOHN DOE, Deputy
Commissioner Inspector General, DOCCS;
THOMAS LAVALLEY, Superintendent,
Clinton Correctional Facility; S. E. RACETTE,
Deputy Superintendent, Clinton Correctional
Facility; S. BROWN, Deputy Superintendent,
Clinton Correctional Facility; S. M. LACY, Captain,
Clinton Correctional Facility; JAMES FACTEAU,
Captain, Clinton Correctional Facility; SGT.
C. DELUTIS, Clinton Correctional Facility;
SGT. J. BAKER, Clinton Correctional Facility;
SGT. J. LUDWIG, Clinton Correctional Facility;
J. CROSS, Clinton Correctional Facility; SGT.
P. BOUDRIEAU, Clinton Correctional
Facility; JOSEPH PORCELLI, Guidance
Counselor, Clinton Correctional Facility;
S. B. DUNCANi, Senior Investigator, DOCCS,
Inspector General's Office; NORMAN BEZIO,
Director of Special Housing, DOCCS; JAMES
FERRO, Staff-Inspector General, DOCCS;
MARK MILLER, Staff-Inspector General,
DOCCS; MICHAEL HOGAN, Chairman-
Facility Operations, DOCCS; MR. DROWN,
Commissioner Hearing Officer, DOCCS; and
JOHN and/or JANE DOES, Central Office
Committee Members, DOCCS,**

                **Defendants.**
_____

**APPEARANCES**

**SHONDELL PAUL**
**01-B-1181**
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

The Clerk has sent to the Court Plaintiff Shondell Paul's civil rights complaint, together with an application to proceed *in forma pauperis*. *See* Dkt. No. 1 ("Complaint"), Dkt. No. 2 ("IFP Application"). Plaintiff is incarcerated at Clinton Correctional Facility and has not paid the filing fee.

### II. DISCUSSION

**A.   IFP Application and initial screening**

Upon review of Plaintiff's IFP Application, *see* Dkt. No. 2, the Court finds that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*.

Therefore, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that   . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28

U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*) (stating that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee (citations omitted)); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing [*Twombly*, 550 U.S.] at 556, 127 S. Ct. 1955). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

When conducting a review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the court may also consider whether the claims that the plaintiff has asserted are duplicative of claims that he asserted in another action against the same defendants. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.")) (other citations omitted). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation[.]" *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).[2] The doctrine is also meant to protect parties from ""'the

---

[2] For example, the Second Circuit has affirmed the dismissal of an action that "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the conspiracy claim in the first action was dismissed as insufficiently pled and the plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky*, 24 F. App'x 26, 28 (2d Cir. 2001) (citations omitted).

vexation of concurrent litigation over the same subject matter."'" *Adam v. Jacobs,* 950 F.2d 89, 93 (2d Cir. 1991) (quotation omitted). The district court has broad discretion in determining whether to dismiss an action as duplicative, and the Court of Appeals reviews the exercise of this power for abuse of discretion. *See Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010) (citations omitted) (finding that the district court did not abuse its discretion when it dismissed an action as duplicative of a pending class action as to which plaintiff fell within the certified class). As the Second Circuit recognized in *Curtis*, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138-39 (citing *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980)) (other citation omitted).[3]

Moreover, the dismissal of an *in forma pauperis* complaint as duplicative may also arise within the ambit of the court's power to dismiss a complaint that is frivolous or malicious pursuant to Section 1915(e). *See*, *e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (stating that "'[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d)[4] as malicious'" (quoting *Robinson v. Woodfork*, No. 86-3735 [834 F.2d 1023] (5th Cir. May 22, 1987))); *Buckenberger v. Reed*, Civil Action No. 10-856, 2010 WL 1552672, *2 (E.D. La. Mar. 16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Williams v. Bunn*, No. 06-CV-0466Sc, 2007 WL 1703816, *2 (W.D.N.Y. June

---

[3] As a general rule, "'[w]here there are two competing lawsuits, the first suit should have priority[.]'" *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986) (quoting *Fort Howard paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir. 1986))) (other citations omitted).

[4] 28 U.S.C. § 1915(d) was amended and recodified in 1996 as 28 U.S.C. § 1915(e).

7, 2007) (dismissing religious claim with prejudice because it was repetitive of a claim brought twice previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934, *1 (E.D. Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen*, No. 95 CV 2227, 1995 WL 428694, *2 (E.D.N.Y. July 11, 1995) (directing dismissal of repetitious litigation as abusive and malicious).[5]

In determining whether actions are duplicative, "[c]ourts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn*, 2006 WL 2160934, at *3 (citations omitted).

A review of the Court's own records indicates that Plaintiff asserted the same claims that he asserts in the complaint in this action in a prior civil rights action that he filed in this District. *See Paul v. Fischer*, No. 9:13-CV-1040 ("*Paul I*")[6]; *see also Hahn*, 2006 WL 2160934, at *1 (stating that "'a court may look to its own records to determine whether a pleading repeats prior claims'" (quotation and other citations omitted)). Indeed, the Court has reviewed the complaints that Plaintiff submitted in *Paul I* and the present case and concludes that, with the exception of the signature dates, the complaints are identical.[7] *Compare* Complaint *with Paul I*, Dkt. No. 1. Accordingly, the Court dismisses this

---

[5] *See also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits'" (quotation omitted)).

[6] In a Decision and Order entered March 27, 2014, U.S. District Judge Glenn T. Suddaby dismissed Plaintiff's complaint in *Paul I* pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and afforded Plaintiff an opportunity to submit an amended complaint. *See Paul I*, Dkt. No. 4.

[7] In fact, in his cover letter forwarding the complaint in this action to the Clerk of the Court,
(continued...)

action without prejudice as duplicative of *Paul I*, No. 9:13-CV-1040, which is still pending in this District before United States District Judge Glenn T. Suddaby.

### III. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED without prejudice** as duplicative of *Paul v. Fischer*, No. 9:13-CV-1040; and the Court further

**ORDERS** that Plaintiff's IFP Application, *see* Dkt. No. 2, is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 16, 2014
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge

---

[7](...continued)
Plaintiff admits that "this is the second time" he has filed this complaint and expresses concern that the first complaint, which he states "was mailed out of [his] facility on August 23, 2013," may have been lost. *See* Dkt. No. 1-2 at 1. Thus, Plaintiff himself recognizes that the present complaint is identical. *See id.*